# EXHIBIT B

Slip Copy, 2010 WL 5090331 (E.D.Cal.)
**(Cite as: 2010 WL 5090331 (E.D.Cal.))**

Only the Westlaw citation is currently available.

United States District Court,
E.D. California.
Arvin PRASAD, Plaintiff,
v.
BAC HOME LOANS SERVICING LP, a subsidiary of Bank of America, and Does 1-10, inclusive, Defendants.
**CIV No. 2:10-CV-2343-FCD/KJN.**

Dec. 7, 2010.

Ali Nehme, Law Offices of Deborah J. Pimentel, San Ramon, CA, for Plaintiff.

Amir Shlesinger, Raagini Rashmi Shah, Reed Smith LLP, Los Angeles, CA, for Defendant.

*MEMORANDUM AND ORDER*

FRANK C. DAMRELL, JR., District Judge.

**\*1** This matter is before the court on the motion of defendant BAC Home Loans Servicing LP ("BAC") to dismiss plaintiff Arvin Prasad's ("plaintiff") First Amended Complaint ("FAC") pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff opposes the motion. For the reasons set forth below,[FN1] defendant's motion to dismiss is GRANTED.

> FN1. Because oral argument will not be of material assistance, the court orders this matter submitted on the briefs. E.D. Cal. L.R. 230(g).

**BACKGROUND**

Plaintiff brought this action against BAC for conduct arising out of a **Home Affordable Modification** Trial Period Plan (the "Plan") that BAC sent plaintiff on or about July 6, 2009. (FAC, filed Sept. 29, 2010 [Docket # 9], ¶ 7.) Plaintiff alleges that pursuant to the Plan, BAC agreed to modify plaintiff's loan on his property located at 366 Silk Oak Drive, Suisun, California. (*Id.*)

Plaintiff claims the terms of the Plan state that if he met all the requirements listed, BAC was obligated to provide him with a modification of his current mortgage loan. (*Id.* ¶ 14.) He alleges that on or about July 22, 2009, he met the terms of the Plan by sending "(1) two copies of the [Plan], (2) an affidavit that explains the reason of [p]laintiff's hardship, (3) a signed and dated copy of [p]laintiff's IRS form 4506T, document[ing] [ ][p]laintiff's income"; and (4) plaintiff's "first monthly payment of $1,789.00." (*Id.* ¶¶ 8-9.) Plaintiff alleges that despite meeting the terms, BAC is now "attempting to deny that the [Plan] [is] a binding document that requires [ ][d]efendants to issue the permanent [m]odification agreement." (*Id.* ¶ 12.) Plaintiff alleges the "true intent of [d]efendants [ ] is to take advantage of [p]laintiff by fraudulently inducing him to make payments in a disguised 'catch up payment plan.' " (*Id.* ¶ 13 .) While his home is currently not in foreclosure, plaintiff asserts he has been "living in limbo without assurances that his home will not be foreclosed, despite his compliance with the Plan's requirements and his payments under [the Plan]." (*Id.* ¶ 18.)

Plaintiff's FAC sets forth five causes of action: (1) breach of contract; (2) breach of the implied covenant of good faith and fair dealing; (3) promissory estoppel; (4) unfair business practices in violation of the California Unfair Competition Law, California Business & Professions Code Sections 17200 *et seq.*; and (5) fraudulent business practices in violation of the California Unfair Competition Law, California Business & Professions Code Sections 17200 *et seq.*.

**STANDARDS**

Under Federal Rule of Civil Procedure 8(a), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *See Ashcroft v. Iqbal,* --- U.S. ----, ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). Under notice pleading in federal court, the complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (internal quotations omitted).

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

Slip Copy, 2010 WL 5090331 (E.D.Cal.)
**(Cite as: 2010 WL 5090331 (E.D.Cal.))**

"This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 512, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002).

**\*2** On a motion to dismiss, the factual allegations of the complaint must be accepted as true. *Cruz v. Beto,* 405 U.S. 319, 322, 92 S.Ct. 1079, 31 L.Ed.2d 263 (1972). The court is bound to give plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. *Retail Clerks Int'l Ass'n v. Schermerhorn,* 373 U.S. 746, 753 n. 6, 83 S.Ct. 1461, 10 L.Ed.2d 678 (1963). A plaintiff need not allege " 'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to relief." *Twombly,* 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 129 S.Ct. at 1949.

Nevertheless, the court "need not assume the truth of legal conclusions cast in the form of factual allegations." *United States ex rel. Chunie v. Ringrose,* 788 F.2d 638, 643 n. 2 (9th Cir.1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendantunlawfully-harmed-me accusation." *Iqbal,* 129 S.Ct. at 1949. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly,* 550 U.S. at 555; *Iqbal,* 129 S.Ct. at 1950 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, it is inappropriate to assume that the plaintiff "can prove facts which it has not alleged or that the defendants have violated the ... laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters,* 459 U.S. 519, 526, 103 S.Ct. 897, 74 L.Ed.2d 723 (1983).

Ultimately, the court may not dismiss a complaint in which the plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Iqbal,* 129 S.Ct. at 1949 (citing *Twombly,* 550 U.S. at 570). Only where a plaintiff has failed to "nudge [his or her] claims across the line from conceivable to plausible," is the complaint properly dismissed. *Id.* at 1952. While the plausibility requirement is not akin to a probability requirement, it demands more than "a sheer possibility that a defendant has acted unlawfully." *Id.* at 1949. This plausibility inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950.

In ruling upon a motion to dismiss, the court may consider only the complaint, any exhibits thereto, and matters which may be judicially noticed pursuant to Federal Rule of Evidence 201. *See Mir v. Little Co. of Mary Hosp.,* 844 F.2d 646, 649 (9th Cir.1988); *Isuzu Motors Ltd. v. Consumers Union of U.S., Inc.,* 12 F.Supp.2d 1035, 1042 (C.D.Cal.1998).

### ANALYSIS

**A. Breach of Contract**

Plaintiff's first claim for relief alleges that defendant BAC breached the terms of the Plan. Specifically, plaintiff alleges that he performed the terms and conditions of the contract by providing the requested documents and making three successive payments of $1,798 which "was a clear and unambiguous performance of an unilateral contract." Plaintiff alleges that despite this BAC "refused to grant the permanent loan modification." (FAC ¶¶ 21-23.) BAC moves to dismiss the claim arguing that a plain reading of the terms demostrates that no binding contract existed. (Def.'s Mot. to Dismiss ("MTD"), filed Oct. 18, 2010 [Docket # 13], at 4-5 .)

**\*3** "[T]o state a claim for breach of contract, the plaintiff must plead: 1) *the existence of the contract;* 2) plaintiff's performance or excuse for nonperformance of the contract; 3) defendant's breach of the contract; and 4) resulting damages." *Armstrong Petrol. Corp. v. Tri Valley Oil & Gas Co.,* 116 Cal.App.4th 1375, 1391 n. 6, 11 Cal.Rptr.3d 412 (2004) (emphasis added). It is well settled under California law "that there is no contract until there has been a meeting of the minds on all material points." *Banner Ent-m't, Inc. v. Superior Court of Los Angeles County,* 62 Cal.App.4th 348, 357, 357-58, 72 Cal.Rptr.2d 598 (1998) (emphasis removed). Further, when it is clear that the proposed written contract would become operative only when signed by the parties, the failure to sign the agreement means no binding contract was created. *Id.* at 358, 72 Cal.Rptr.2d 598 (citing *Beck v.*

Slip Copy, 2010 WL 5090331 (E.D.Cal.)
**(Cite as: 2010 WL 5090331 (E.D.Cal.))**

*Am. Health Group Int'l, Inc.,* 211 Cal.App.3d 1555, 1562, 260 Cal.Rptr. 237 (1989)).

On a motion to dismiss, the court need not accept allegations as true if they are contradicted by documents before the court. *Sprewell v. Golden State Warriors,* 266 F.3d 979, 988 (9th Cir.2001). "[W]hen a written instrument is attached to the pleading and properly incorporated therein by reference, the court may examine the exhibit and treat the pleader's allegations of its legal effect as surplusage." *Burnett v. Chimney Sweep,* 123 Cal.App.4th 1057, 1064, 20 Cal.Rptr.3d 562 (2004) (quoting *Lumbermens Mut. Cas. Co. v. Vaughn,* 199 Cal.App.3d 171, 178, 244 Cal.Rptr. 567 (1988).)

Plaintiff's allegations fail to sufficiently allege a binding contract between plaintiff and BAC regarding a loan modification. Indeed, plaintiff's claim that a binding contract existed between BAC and himself is contradicted by his exhibits. In the first sentence of plaintiff's Exhibit 2, the document provides: *"If* I am in compliance with this Trial Period Plan ... *then* the Servicer will provide me a ... Modification Agreement that would amend ... the Loan Documents." (FAC, Ex. 2, ¶ 1) (emphasis added).) Section 2, titled "The Trial Period Plan," further provides in pertinent part: "I understand that *the Plan is not a modification of the Loan Documents* and that the Loan Documents *will not be modified unless and until* (i) I meet all of the conditions required for modification, (ii) I receive a fully executed copy of a Modification Agreement.... I further understand and agree that *the Servicer will not be obligated or bound to make any modification* of the Loan Documents if I fail to meet any one of the requirements under this Plan." (*Id.* at Ex. 2, § 2(G) (emphasis added).) Finally, Section 3, titled "The Modification," provides in pertinent part: *"If I comply* with the requirements in Section 2 and ... Section 1, *the Servicer will [determine the new payment amount and] send me a Modification Agreement for my signature which will modify my Loan Documents....* Upon execution of a Modification Agreement *by the Servicer and me,* this Plan shall terminate and the Loan Documents, as modified by the Modification Agreement, shall govern the terms between the Servicer and me." (*Id.* at Ex. 2, § 3) (emphasis added).

**\*4** Accordingly, Exhibit 2 makes clear that providing the requested documents was simply a part of the application process, which plaintiff was willing to complete in the hope that BAC would modify his loan. Under the language of Exhibit 2, a binding modification would not result unless and until BAC determined that plaintiff complied with the requirements. If BAC so determined, then it would send plaintiff a modification agreement, including a new monthly payment amount, which both plaintiff and defendant would execute.

Plaintiff has not alleged or provided exhibits (1) that BAC determined plaintiff had met the requirements, or (2) that BAC sent plaintiff a loan modification with a new monthly payment that was then executed by both plaintiff and BAC. As such, no binding contract has been alleged and BAC's motion to dismiss plaintiff's breach of contract claim is GRANTED with leave to amend.

**C. Breach of Implied Covenant of Good Faith and Fair Dealing**

Plaintiff's second claim for relief asserts that BAC breached the implied covenant of good faith and fair dealing. Plaintiff's claim is based on the same assertions set forth under his breach of contract claim; namely, that BAC "breached the implied covenant of good faith and fair dealing when [d]efendants refused to perform and grant [p]laintiff's loan modification." (FAC ¶¶ 28-35.)

"To establish a breach of an implied covenant of good faith and fair dealing, a plaintiff must *establish the existence of a contractual obligation,* along with conduct that frustrates the other party's rights to benefit from the contract." *Fortaleza v. PNC Fin. Servs. Group, Inc.,* 642 F.Supp.2d 1012, 1021-22 (N.D.Cal.2009) (emphasis added). Further, "a breach of the implied covenant of good faith and fair dealing involves something beyond breach of the contractual duty itself." *Careau & Co. v. Sec. Pac. Bus. Credit, Inc.,* 222 Cal.App.3d 1371, 1394, 272 Cal.Rptr. 387 (1990). The "implied covenant of good faith and fair dealing is limited to assuring compliance with the express terms of the contract, and cannot be extended to create obligations not contemplated by the contract." *Pasadena Live, LLC v. City of Pasadena,* 114 Cal.App.4th 1089, 1093-1094, 8 Cal.Rptr.3d 233 (2004).

Because the court has concluded that plaintiff has not

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

Slip Copy, 2010 WL 5090331 (E.D.Cal.)
**(Cite as: 2010 WL 5090331 (E.D.Cal.))**

sufficiently alleged the existence of a binding modification agreement, BAC's motion to dismiss plaintiff's claim for breach of the implied covenant of good faith and fair dealing is GRANTED with leave to amend.

### 3. Promissory Estoppel

Plaintiff's third claim for relief asserts that "[d]efendants have breached their promise by not granting the [ ] permanent loan modification." (FAC ¶ 41.) Plaintiff asserts he relied on BAC's alleged modification promise "to his detriment and has lost the opportunity to find other strategies to deal with his default and to avoid foreclosure." (*Id.* ¶ 42, 8 Cal.Rptr.3d 233.) BAC moves to dismiss plaintiff's promissory estoppel claim because it asserts "[p]laintiff could not have reasonably relied on [d]efendant's conditional statement that it may implement a permanent loan modification" and plaintiff fails to allege detrimental reliance as plaintiff's home is not in foreclosure. (MTD at 10-11.)

**\*5** Under California law, a cause of action for promissory estoppel requires that plaintiff show "(1) a clear promise, (2) reliance, (3) substantial detriment, and (4) damages measured by the extent of the obligation assumed and not performed." *Poway Royal Mobilehome Owners Assn. v. City of Poway,* 149 Cal.App.4th 1460, 1471, 58 Cal.Rptr.3d 153 (2007) (citations omitted). Under this doctrine, "a promise which the promisor should reasonably expect to induce action or forbearance on the part of the promisee or a third person and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise." *Kajima/Ray Wilson v. Los Angeles County Metro. Transp. Auth.,* 23 Cal.4th 305, 310, 96 Cal.Rptr.2d 747, 1 P.3d 63 (2000) (quoting Restatement (Second) of Contracts, § 90(1) (1981)).

Plaintiff's FAC fails to sufficiently allege a claim for promissory estoppel. First, plaintiff's exhibits demonstrate that no clear promise was made. As set forth above, the plain terms of Exhibit 2 expressly placed plaintiff on notice that issuance of a loan modification was not guaranteed by simply sending in the requested documentation. Indeed, the language of Exhibit 2 provides that the modification was conditioned on BAC's determination that plaintiff's information complied with the Plan's requirements. If BAC found that it did, only then would it send plaintiff a modification agreement which both plaintiff and BAC must have executed. (FAC at Ex. 2.) As such, BAC made no clear promise to modify plaintiff's loan.

Second, plaintiff's complaint does not sufficiently allege substantial detriment. Plaintiff's home is not currently in foreclosure; thus, he is not experiencing any cognizable detriment measurable by damages. Nevertheless, plaintiff contends that foreclosure is likely and that as a consequence of relying on BAC's alleged promise modify, he has "lost the opportunity to find other strategies to deal with his default." (*Id.* ¶ 41-42, 96 Cal.Rptr.2d 747, 1 P.3d 63.) It is unclear, however, how plaintiff's other alleged opportunities were sacrificed in order to comply with BAC's requests; none are listed in the FAC. Further, as plaintiff's property is not currently in foreclosure, he still has an opportunity to find ways to avoid foreclosure. As such, the court cannot find plaintiff has alleged any meaningful reliance on the purported promise.

Accordingly, BAC's motion to dismiss plaintiff's claim for promissory estoppel is GRANTED with leave to amend.

### 4. California Business & Professions Code § 17200

In his fourth and fifth claims for relief, plaintiff alleges that BAC violated § 17200 of the California Business and Professions Code ("UCL") by using unfair and fraudulent business practices. Specifically, plaintiff alleges that BAC "tricked [plaintiff and other members of the public] into making several payments in a disguised 'catch up payment plan' and not for a loan modification." (FAC ¶ 47.) BAC contends that plaintiff does not sufficiently allege unfair or fraudulent conduct.[FN2] (MTD at 11-14.)

> [FN2.] Defendant also moves to dismiss on the basis that plaintiff has not sufficiently alleged loss of money or property, and thus, does not have standing to sue. Because the court concludes that plaintiff has not stated a viable claim based on the factual allegations regarding defendant's conduct, the court does not reach the merits of whether plaintiff has sufficiently alleged loss of money or property.

Slip Copy, 2010 WL 5090331 (E.D.Cal.)
**(Cite as: 2010 WL 5090331 (E.D.Cal.))**

**\*6** UCL forbids acts of unfair competition, which includes "any unlawful, unfair or fraudulent business act or practice." *Id.* § 17200. UCL "incorporates other laws and treats violations of those laws as unlawful business practices independently actionable under state law." *Plascencia v. Lending 1st Mortg.,* 583 F.Supp.2d 1090, 1098 (N.D.Cal.2008); *see also Farmers Ins. Exch. v. Superior Court,* 2 Cal.4th 377, 383, 6 Cal.Rptr.2d 487, 826 P.2d 730 (1992). "California's UCL has a broad scope that allows for 'violations of other laws to be treated as unfair competition that is independently actionable' while also 'sweep[ing] within its scope acts and practices not specifically proscribed by any other law.' " *Hauk v. JP Morgan Chase Bank U.S.A.,* 552 F.3d 1114 (9th Cir.2009) (internal citations omitted). "Violation of almost any federal, state, or local law may serve as the basis for a UCL claim." *Plascencia,* 583 F.Supp.2d at 1098 (citing *Saunders v. Superior Court,* 27 Cal.App.4th 832, 838-839, 33 Cal.Rptr.2d 438 (1994)).

**A. Unfair Business Practices**

Plaintiff's fourth cause of action alleges that BAC acted unfairly in violation of UCL by engaging in common law fraud. Specifically, plaintiff contends that BAC "mislead[ ] plaintiff [to believe] that a loan modification would be granted." (FAC ¶ 59.) BAC contends that plaintiff does not sufficiently plead fraud. (MTD at 13-14.)

Under California law, the elements of common law fraud are "misrepresentation, knowledge of its falsity, intent to defraud, justifiable reliance, and resulting damages." *Gil v. Bank of Am., Nat'l Ass' n,* 138 Cal.App.4th 1371, 1381, 42 Cal.Rptr.3d 310 (2006). "[T]o establish a cause of action for fraud a plaintiff must plead and prove in full, factually and specifically, all of the elements of the cause of action. *Conrad v. Bank of Am.,* 45 Cal.App.4th 133, 156, 53 Cal.Rptr.2d 336 (1996). There must be a showing "that the defendant intended to induce the plaintiff to act to his detriment in reliance upon the false representation." *Id.*

Further, a court may dismiss a claim grounded in fraud when its allegations fail to satisfy Rule 9(b)'s heightened pleading requirements. *Vess v. Ciba-Geigy Corp. USA,* 317 F.3d 1097, 1107 (9th Cir.2003). Therefore, the plaintiff "must state with particularity the circumstances constituting fraud." Fed.R.Civ.P. 9(b). In other words, the plaintiff must include "the who, what, when, where, and how" of the fraud. *Id.* at 1106 (citations omitted).

Here, plaintiff does not sufficiently allege common law fraud. As explained *supra,* by the plain language of plaintiff's Exhibit 2, merely sending in the requested documentation does not obligate BAC to modify plaintiff's loan. (FAC at Ex. 2, § 2(G).) Further, plaintiff does not allege any oral misrepresentations. As such, plaintiff has not sufficiently plead misrepresentation or intent to defraud by BAC, nor has he plead any justifiable reliance on his own behalf.

Accordingly, BAC's motion to dismiss plaintiff's UCL claim based on common law fraud is GRANTED with leave to amend.

**B. Fraudulent Business Practices**

**\*7** Plaintiff's fifth cause of action alleges that BAC engaged in fraudulent practices. Specifically, plaintiff asserts that BAC's "sophisticated loan scheme" deceives the public by inducing mortgagees to make payments based on the belief that they will receive a loan modification. (Opp.'n at 9-10.)

To state a fraudulent practices claim under UCL one need not plead and prove the elements of fraud. *Morgan v. AT & T Wireless Services, Inc.,* 177 Cal.App.4th 1235, 1256, 99 Cal.Rptr.3d 768 (2009); *see also Chern v. Bank of America,* 15 Cal.3d 866, 876, 127 Cal.Rptr. 110, 544 P.2d 1310 (1974); *Committee on Children's Television, Inc. v. General Foods Corp.,* 35 Cal.3d 197, 211, 197 Cal.Rptr. 783, 673 P.2d 660 (1983). "A claim based upon the fraudulent business practice prong of the UCL is distinct from common law fraud. A common law fraudulent deception must be actually false, known to be false by the perpetrator and reasonably relied upon by a victim who incurs damages. None of these elements are required to state a claim for relief under the UCL." *Morgan,* 177 Cal.App.4th at 1256, 99 Cal.Rptr.3d 768 (quoting *In re Tobacco II Cases,* 46 Cal.4th 298, 312, 93 Cal.Rptr.3d 559, 207 P.3d 20 (2009.)) Instead, "a fraudulent business practice is one that is likely to deceive members of the public." *Id.*

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

Slip Copy, 2010 WL 5090331 (E.D.Cal.)
**(Cite as: 2010 WL 5090331 (E.D.Cal.))**

Here, as explained *supra,* the clear terms of Exhibit 2 state that merely sending in the requested documentation does not obligate BAC to modify the mortgagee's loan. (FAC at Ex. 2, § 2(G).) Without more, the court cannot conclude that Exhibit 2's language is likely to deceive the public.

Accordingly, BAC's motion to dismiss plaintiff's UCL claim based on fraudulent practices is GRANTED with leave to amend.

## CONCLUSION

For the foregoing reasons, BAC's motion to dismiss is GRANTED. Plaintiff's claims are dismissed with leave to amend. Plaintiff is granted fifteen (15) days from the date of this order to file a second amended complaint in accordance with this order. Defendant is granted thirty (30) days from the date of service of plaintiff's second amended complaint to file a response thereto.

IT IS SO ORDERED.

E.D.Cal.,2010.
Prasad v. BAC Home Loans Servicing LP
Slip Copy, 2010 WL 5090331 (E.D.Cal.)

END OF DOCUMENT

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.