## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| **WILFREDO and ODALID BOSQUE, VERA VICENTE MEEK, JENNIFER WILLIAMS, JENNIFER RYAN and GARY VOLTAIRE, and PAUL MONTERO, on behalf of themselves and all others similarly situated,**<br><br>        **Plaintiffs,**<br>**vs.**<br><br>**WELLS FARGO BANK, N.A. d/b/a WELLS FARGO HOME MORTGAGE d/b/a AMERICA'S SERVICING COMPANY,**<br><br>        **Defendant.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **C.A. NO. 10-10311-FDS** |

## JOINT STATEMENT PURSUANT TO LOCAL RULE 16.1 and FED. R. CIV. P. 26(f)

Plaintiffs Wilfredo and Odalid Bosque, Vera Vicente Meek, Jennifer Williams, Jennifer Ryan and Gary Voltaire, and Paul Montero, on behalf of themselves and all others similarly situated ("Plaintiffs") and Defendant Wells Fargo Bank, N.A. d/b/a Wells Fargo Home Mortgage d/b/a America's Servicing Company ("Wells Fargo" or "Defendant") hereby submit this Joint Statement in accordance with Local Rule 16.1 and Fed. R. Civ. P. 26(f).

An initial scheduling conference was held on January 20, 2011. The parties have conferred as required by Local Rule 16.1(B) and Fed. R. Civ. P. 26(f), with Gary Klein and Shennan Kavanagh, representing Plaintiffs, and Irene Freidel and David Christensen representing Defendant. Counsel hereby submit the following Joint Report reflecting the matters on which they agree and expressing their respective views concerning issues on which they disagree.

## I.      BRIEF PROCEDURAL HISTORY

On February 23, 2010, Plaintiffs Wilfredo and Odalid Bosque and Germano DePina filed this action on behalf of themselves and a class of similarly situated Massachusetts residents to challenge the failure of Defendant to provide permanent loan modifications to borrowers who allegedly complied with temporary payment plan agreements under the Home Affordable Modification Program ("HAMP").  On June 16, 2010 Plaintiffs filed their First Amended Complaint, and on August 17, 2010 Plaintiffs filed their Second Amended Complaint, which, among other things, added additional Plaintiffs.  Defendant filed a motion to dismiss Plaintiffs' First Amended Complaint on July 23, 2010 [Docket No. 15].[1]  On September 15, 2010, Plaintiffs filed Motions for Provisional Class Certification [Docket No. 31] and for Preliminary Injunction [Docket No. 29].  On December 12, 2010, Plaintiffs filed a Motion for Notice Relief Or In The Alternative For Expedited Discovery [Docket No. 50].

On January 26, 2011, the Court issued an Order, denying Defendant's Motion to Dismiss and ("Order") [Docket No. 65].  The Court also denied without prejudice Plaintiffs' Motions for Provisional Class Certification and Preliminary Injunction.  In the alternative, the Court granted Plaintiffs' Motion for Expedited Discovery, agreeing to allow the Plaintiffs "limited expedited discovery" as outlined in the Order, including a deposition of Wells Fargo executive Ben Windust and the production of "certain related documents" by Wells Fargo.  Order at 18.  The Court reasoned that the discovery would be "narrow and particularized and [would] address[] issues related to possible class certification," Order at 19, and would provide further information about the possible need for a renewed motion for preliminary injunction.  The Court stated

---

[1]      The parties agreed that the Court's disposition of Wells Fargo's Motion to Dismiss the First Amended Complaint would apply to the Second Amended Complaint.

"[s]hould the limited discovery indicate that HAMP borrowers in Massachusetts still face an unwarranted risk of foreclosure by defendant, plaintiffs may re-file their motion for preliminary injunctive relief."  Order at 19.  The parties have begun the limited expedited discovery as ordered by the Court.

On February 10, 2011, the Court granted the parties' request to allow an additional two business days to allow Wells Fargo to produce Mr. Windust for deposition.  As a result, Mr. Windust's deposition was scheduled to occur on March 1, 2011 in Des Moines, Iowa.  Due to a medical emergency in Plaintiffs' counsel's family that arose on the evening of February 27, Plaintiffs' counsel was unable to travel and take Mr. Windust's deposition on March 1.  Mr. Windust's deposition has been rescheduled for March 25, 2011, an extension that the parties will seek approval of at the March 8, 2011 Scheduling Conference.

## II.      PROPOSED AGENDA FOR MARCH 8, 2011 SCHEDULING CONFERENCE

A.      Proposed pretrial discovery plans of both parties, including propriety of phasing discovery as described below;

B.      Renewed Motions for Preliminary Injunction and Class Certification;

C.      Proposed schedule for the filing of other motions and the amendment of pleadings; and

D.      Date of the next scheduling conference.

III.     **MOTIONS**

    A.     <u>**Pending Motions**</u>

The parties filed a Joint Motion for Order to Entry of Stipulated Order Regarding Non-Waiver of Privileged and Confidential Material by Wells Fargo Bank, N.A. [Docket No. 71] on February 23, 2011.  The Motion is currently pending before the Court.

    B.     <u>**Anticipated Pretrial Motions**</u>

        1.     **By Plaintiffs**

Based on information Plaintiffs learn during expedited discovery, Plaintiffs may file renewed motions for preliminary injunction and class certification, as proposed in the schedule attached as Exhibit A.  If Plaintiffs decide to file a renewed motion for preliminary injunction, based on any exigent circumstances revealed during this time, Plaintiffs are likely to also file a renewed motion for class certification at that time.  If Plaintiffs do not file a renewed motion for preliminary injunction, Plaintiffs would wait to file their motion for class certification after the proposed class certification discovery phase is completed.  Finally, Plaintiffs anticipate that if a class is certified, they will seek partial summary judgment on liability questions on behalf of the class.

The extent and degree of discovery motion practice, if any, is presently unknown. Pursuant to the Court's January 26, 2011 Order, Plaintiffs have served a Request for Expedited Production of Documents to Defendant Wells Fargo and a Notice of Deposition for Ben Windust.  The documents requested include those relied on and that served as a basis for the facts set forth in Ben Windust's Declaration filed on November 3, 2010 by Wells Fargo [Docket

No. 43], as well as "certain related documents" which would address issues related to class certification, including numerosity.  The parties are currently in the process of attempting to resolve a discovery dispute concerning the scope of expedited discovery.  If those issues cannot be resolved outside of Court, Plaintiffs may file a Motion for Clarification and/or a Motion to Compel with the Court.

Plaintiffs' counsel believe that certain procedures of the Manual for Complex Litigation may be useful for the management of this action.  Plaintiffs propose to consult the Manual for Complex Litigation to assess whether specified procedures should be utilized as the case progresses.

### 2.    By Defendant

Wells Fargo does not currently plan to file any pre-trial motions.  However, Wells Fargo may consider motions for full or partial summary judgment on individual named plaintiffs' claims prior to the Court's ruling on any renewed motion for class certification or, if a class is certified, after such decision is made.

## IV.    AMENDMENT OF PLEADINGS

The parties propose that the deadline to move for leave to file any further amended complaint be March 29, 2011.

## V.    EVIDENCE PRESERVATION

The parties will take all reasonable steps necessary to ensure that no potentially relevant documents, including electronic data, are destroyed.

## VI.   DISCLOSURES

The parties anticipate exchange of their Initial Disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) on March 1, 2011.

## VII.   DISCOVERY

### A.   <u>Phasing</u>

#### 1.   By Plaintiffs

Plaintiffs propose that discovery follow a trifurcated process.  The parties will first proceed with the limited expedited discovery as ordered by the Court.  As explained above, Plaintiffs may then decide to renew their motions for preliminary injunction and class certification.  Following the expedited discovery ordered by the Court, discovery will proceed on class certification issues and then on merits.

Plaintiffs propose, however, that the Court instruct the parties that class certification discovery include merits-related discovery other than as to damages.  Absent such an instruction, class certification and merits discovery are not always distinguishable.  *See In re Plastics Additives Antitrust Litigation*, No. Civ. A. 03-2038, 2004 WL 2743591, at *3-5 (E.D. Pa. Nov. 29, 2004)(declining to bifurcate discovery after finding it would delay the resolution of the litigation and noting that to do so would be in derogation of Fed. R. Civ. P. 1, which dictates that procedural rules must be administered to secure "the just, speedy, and inexpensive determination of every action"); *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 41 (C.D. Cal. 1990)("discovery relating to class certification is closely enmeshed with merits discovery and in fact cannot be meaningfully developed without inquiry into basic issues of the litigation"); *Bogosian v. Gulf Oil*

*Corp.*, 1978-1 CCH Trade Cas. ¶ 62, 118 (E.D. Pa. 1978)(denying motion to stay discovery on

the merits pending decision on a motion for class certification).  To the extent that the Court may

be forced to spend time and resources resolving discovery disputes over what is "damages"

discovery as compared to "class" discovery, and to the extent that Wells Fargo proposes

bifurcation, it would undermine principles of judicial economy.  *See, e.g., In re Hamilton*

*Bankcorop, Inc. Securities Litigation*, 2002 WL 463314, at *1 (S.D. Fla. Jan. 14, 2002)(noting

that "bifurcation of discovery may well-increase litigation expenses by protracting the

completion of discovery, coupled with endless disputes over what is 'merit' versus 'class'

discovery").

The Manual for Complex Litigation, Fourth Edition, § 21.14 also recognizes the potential

difficulties to a strict bifurcated approach:

> There is not always a bright line between [certification issues and issues related to the
> merits of the allegations.]  Courts have recognized that information about the nature of
> the claims on the merits and the proof that they require is important to deciding
> certification.  Arbitrary insistence on the merits/class discovery distinction sometimes
> thwarts the informed judicial assessment that current class certification practice
> emphasizes.

There is no clear dividing line between class certification and merits discovery because

the class certification decision involves "[a]n analysis of the issues and the nature of the proof

which would be required at trial."  *Hedges Enterprises, Inc. v. Continental Group, Inc.,* 81

F.R.D. 461, 464 (E.D. Pa. 1979); *Eshaghi v. Hanley Dawson Cadillac Co.*, 214 Ill. App. 3d 995,

574 N.E.2d 760, 764 (1st Dist. 1991)("to determine whether common questions of law or fact

predominate in the certification of class action, the court must inquire into the issues raise").

Importantly, the 2003 Advisory Comm. Notes to Fed. R. Civ. P. 23(c)(1)(A) note that "[a]ctive

judicial supervision may be required to achieve the most effective balance that expedites an

informed certification determination without forcing an artificial and ultimately wasteful division between 'certification discovery' and 'merits discovery.''

### 2.    By Defendant

Wells Fargo does not expressly object to plaintiffs' proposed approach of "tri-furcated" discovery, and it generally believes that phased discovery in this case is appropriate.   However, Wells Fargo is concerned that plaintiffs' proposal as to the second phase of discovery would provide enable plaintiffs to take costly class-wide merits discovery as if a class were already certified.   For example, Wells Fargo does not believe that plaintiffs should be entitled to the servicing records of each (or every) putative class member -- prior to certification of a class -- on the ground that such information is necessary to the "merits" of the class claims.   While plaintiffs assert that bifurcation of discovery is necessary, at the same time , they make clear that the overlapping nature of class certification and class-wide merits discovery will likely render any real bifurcation unworkable.   In fact, however, courts routinely require phased discovery in putative class actions.   *See Washington v. Brown & Williamson Tobacco Corp.*, 959 F.2d 1566, 1570-71 (11th Cir. 1992) (affirming district court's postponement of discovery on the merits of putative class claims and limitation of discovery to class certification issues); *In re Apple and AT & TM Antitrust Litig.,* 2010 WL 1240295, at \*2 (N.D. Cal. Mar. 26, 2010); *Harris v. Option One Mortg. Corp.*, 261 F.R.D. 98, 111 (D.S.C. 2009) (granting motion to bifurcate discovery in mortgage class action); *DeRosa v. Mass. Bay Commuter Rail Co.*, 694 F. Supp. 2d 87, 94 (D. Mass. 2010); *see also* Manual for Complex Litigation (4th) § 21.14 (2006) ("Discovery relevant only to the merits delays the certification decision and may ultimately be unnecessary.  Courts often bifurcate discovery between certification issues and those related to the merits of the allegation."); 5-23 Moore's Federal Practice § 23.85[3] (Matthew Bender 3d ed.) ("[O]ften,

district courts will attempt to limit precertification discovery to class certification issues, and will postpone discovery on the merits of the action until after the certification decision.").

Accordingly, Wells Fargo respectfully requests that the Court "trifurcate" discovery as plaintiffs suggest, but limit the merits-based discovery in the second phase to the merits of plaintiffs' individual claims and not permit discovery into the merits of the putative class members' claims.  In other words, any merits-based discovery in the second-phase identified by plaintiffs should be limited to such discovery necessary for the Court to consider any renewed motion for class certification filed by plaintiffs.

The scope of the final (or third) phase of discovery will depend on the Court's class certification ruling on any renewed motion for class certification.  Accordingly, Wells Fargo requests that the Court hold a case management conference to determine the necessary scope of any discovery that should be conducted in the final or third phase.

### B.      Subjects, Phasing and Completion

As explained above, the parties have begun expedited discovery pursuant to the Court's Order.  The parties' proposals regarding a pretrial discovery schedule are described in Exhibit A hereto.

### C.      Discovery Limitations

#### 1.      By Plaintiffs

Plaintiffs further propose that each side be permitted to take 15 depositions, other than expert depositions and that each side be permitted to serve up to 50 interrogatories.  Plaintiffs believe that additional depositions and interrogatories are warranted by the complex nature of this action and the anticipated need to conduct depositions of third-party witnesses.  Plaintiffs do

not presently propose any other deviations from the limits set in L.R. Rule 26.1(C), but reserve

their position that any party may move for an extension of the discovery limits in the Local Rule.

### 2.    By Defendant

Wells Fargo believes that plaintiffs' proposal of taking 15 depositions and serving 50

interrogatories on Wells Fargo is excessive.  The discovery limitations set forth in Local Rule

26.1(c), that is, ten (10) depositions, twenty-five (25) interrogatories, twenty-five (25) requests

for admissions, and two (2) separate sets of requests for production are ample for the fairly

straightforward contract-based claims alleged by plaintiffs in the Second Amended Complaint.

If the parties believe, in good faith, that additional depositions or discovery is necessary, Wells

Fargo requests that the Court require the parties to confer with one another in an attempt to reach

an agreement and thereafter seek leave of Court to extend the limitations set forth by LR 26.1(b).

"[T]he purpose of the limitation in the rule is to force counsel to think long and hard

about who they want to depose and to depose only those who are really important, so as to stay

within the limit set by the rule."  *San Francisco Health Plan v. McKesson Corp*.  264 F.R.D. 20,

21 (D. Mass. 2010).  "[S]ince a court must determine the cumulative effect of the proposed

discovery, as well as the opportunity for the party to obtain the information through other

means…Local Rule 26.2(B)(2)… requires a party to exhaust available discovery *before* seeking

leave for additional discovery events."  *Whittingham v. Amherst College*, 163 F.R.D. 170,

171 (D. Mass. 1995).  Additional discovery should not be allowed where it "bespeaks of a

possible fishing expedition into what appear to be largely irrelevant issues" and where the

plaintiff does not explain how evidence obtained in the sought-after discovery would be

admissible.  *See Pedraza v. Holiday Housewares, Inc.*, 203 F.R.D. 40, 42 (D. Mass. 2001); *see*

*also* *San Francisco Health Plan*, 264 F.R.D. at 21 ("courts should not freely grant relief from the limits without a showing of need.").

### D.    Protective Order

The parties anticipate that discovery in this action may include the discovery of confidential, proprietary and trade secret information and/or information protected by privacy rights.  The parties, therefore, recently filed a Joint Motion for Protective Order Regarding Confidential Materials for the Court's consideration, which the Court granted.  In the event any party seeks to file any information designated as confidential pursuant to any protective order entered in this case, the party shall seek an order authorizing the sealing of the document or portions thereof pursuant to Local Rule 7.2.

## VII.    PROPOSED PRETRIAL SCHEDULE

The parties' proposals regarding the pre-trial schedule are attached hereto as Exhibit A.

## VIII.   MAGISTRATE JUDGE

The parties, at this time do not consent to a trial by magistrate judge.

## IX.    SETTLEMENT

Plaintiffs provided a classwide settlement demand to Defendant in the form of a February 24, 2010 letter written pursuant to G.L. c.93A, Sec. 9.  In addition, the parties are currently in the process of discussing possible structure and timing for near-term settlement discussions.

## X.    CERTIFICATIONS

The certifications required by Local Rule 16.1(D)(3) will be filed separately by each

party.

Dated:  March 1, 2011                    On behalf of Plaintiffs,

/s/ Gary Klein
Gary Klein (BBO 560769)
Shennan Kavanagh (BBO 655174)
Kevin Costello (BBO 669100)
RODDY KLEIN & RYAN
727 Atlantic Avenue
Boston, MA  02111-2810
Tel:  (617) 357-5500
Fax:  (617) 357-5030

Stuart Rossman (BBO 430640)
Charles Delbaum (BBO 543225)
NATIONAL CONSUMER LAW CENTER
7 Winthrop Square, 4th floor
Boston, MA 02110
Tel: (617) 542-8010
Fax: (617) 542-8028

Michael Raabe (BBO 546107)
NEIGHBORHOOD LEGAL SERVICES
170 Common Street, Suite 300
Lawrence, MA 01840
Tel:  (978) 686-6900
Fax:  (978) 685-2933

On behalf of Defendant
Wells Fargo Bank, N.A.,

/s/ Irene C. Freidel
Irene C. Freidel (BBO 559051)
Irene.freidel@klgates.com
Andrew C. Glass (BBO 638362)
Andrew.glass@klgates.com
David D. Christensen (BBO 666401)
David.christensen@klgates.com
Kristin A. Davis (BBO 673491)

Kristin.davis@klgates.com
K&L GATES, LLP
State Street Financial Center
One Lincoln Street
Boston, MA 02111
Tel:  (617) 951-9154
Fax:  (617) 261-3175

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic File (NEF) and paper copies will be sent to those indicated as non-registered participants on March 1, 2011

*/s/ Gary Klein*
Gary Klein

**Exhibit A**

## Joint Proposed Schedule

| Pretrial Events | Proposed Deadline |
|---|---|
| Rule 26(a)(1) Disclosures | March 1, 2011 |
| Deadline to Amend Pleadings | March 29, 2011 |
| Renewed Motion for Preliminary Injunction, If Any | April 5, 2011 |
| Close of Fact Discovery Regarding Named Plaintiffs' Transactions and Class Certification | June 3, 2011 |
| Opening Disclosure of Expert(s) for Class Certification [*See* Fed. R. Civ. P. 26(a)(2)] | June 17, 2011 |
| Disclosure of Rebuttal Expert(s) for Class Certification | July 1, 2011 |
| Cut-Off Date for Expert Discovery for Class Certification | July 29, 2011 |
| Renewed Motion for Class Certification | August 12, 2011 |
| Opposition to Motion for Class Certification | September 12, 2011 |
| Reply on Motion for Class Certification | September 26, 2011 |
| Parties to submit a joint proposal regarding further case deadlines | Fourteen days after grant or denial of class certification |